IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEVIN MAX WOODS and MICHAEL HOWARD REED,<br><br>                  Plaintiffs,<br><br>v.<br><br>JUDGE ANN MARIE McIFF ALLEN, CHAD E. DOTSON, SAM E. WOODALL, JUSTIN W. WAYMENT, and CHRISTIAN JONES,<br><br>                  Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 4:25-CV-00065-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Motions to Dismiss filed by Defendants Justin W. Wayment and Christian Jones,[1] Judge Ann Marie McIff Allen,[2] and Chad E. Dotson and Sam E. Woodall.[3] This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, it is recommended that this action be dismissed.

I.  BACKGROUND

The following facts are taken from Plaintiffs' Complaint and the underlying state court case.[4] This action relates to a state court matter wherein Iron County, through its attorneys Dotson and Woodall, brought an action against Kevin Woods and Woods Hay and Cattle, LLC, ("Woods Hay and Cattle") seeking to quiet title a road and to enjoin Woods from obstructing the

---

[1] Docket No. 11, filed June 25, 2025.

[2] Docket No. 13, filed June 26, 2025.

[3] Docket No. 26, filed July 16, 2025.

[4] The Court can take judicial notice of the underlying state court record. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008).

1

roadway and harassing the public.[5] That action was assigned to then-state court judge Ann Marie McIff Allen. Wayment and Jones represented entities Escalante Farms, LLC and Holt Farms, Inc. (collectively, "Holt Farms"), which intervened in the state court action, claiming an interest in the property subject to the quiet title action. The state case remains ongoing.

Plaintiffs' Complaint here centers on a hearing held on June 1, 2023.[6] Plaintiffs complain that during that hearing, Judge Allen refused to allow Plaintiffs, as non-attorneys, to represent Woods Hay and Cattle. Wayment, representing Holt Farms, and Woodall, representing the County, agreed the ruling was correct under Utah law. This ruling was based on the well-settled principle "that a corporate litigant must be represented in court by a licensed attorney."[7] Plaintiffs complain that their inability to represent Woods Hay and Cattle deprived them of due process. Plaintiffs bring a claim under 42 U.S.C. § 1983 and ask for a declaration that Judge Allen's ruling was unconstitutional and seek to vacate that ruling and allow Plaintiffs to represent Woods Hay and Cattle. Defendants seek dismissal on various grounds. Plaintiffs have not responded.

## II.  MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as

---

[5] Case No. 220500096 (5th Jud. Dist. Ct., Iron Cnty., Utah).

[6] Docket No. 1-1.

[7] *Tracy-Burke Assocs. v. Dep't of Emp. Sec.*, 699 P.2d 687, 688 (Utah 1985); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting the longstanding rule that corporations must be represented by licensed counsel and holding that this rule "applies equally to all artificial entities").

the nonmoving party.[8] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[9] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[10] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[11]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[12] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[13]

In considering a motion to dismiss, a district court considers not only the complaint "but also the attached exhibits,"[14] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[15] The Court "may consider documents

---

[8] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[12] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[13] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

[14] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[15] *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[16]

### III.  DISCUSSION

A.    WAYMENT AND JONES

As stated, Wayment and Jones are private attorneys who represented intervenors in the state court action. They seek dismissal, arguing they are not subject to liability under § 1983. "A prerequisite to any relief under section 1983 is that the defendant has acted under color of state law."[17] It is well-established that a private attorney, though an officer of the court, is not a state actor for purposes of section 1983.[18] Because Wayment and Jones were acting as counsel for Holt Farms, they were not state actors and cannot be sued under §1983. Therefore, it is recommended that Plaintiffs' claims against Wayment and Jones be dismissed.

B.    JUDGE ALLEN

Plaintiffs' claims against Judge Allen are barred by judicial immunity. "A long line of [Supreme Court] precedents acknowledge[] that, generally, a judge is immune from a suit for money damages."[19] Judicial officers are also "explicitly immunized . . . against suits for injunctive relief under 42 U.S.C. § 1983."[20] The Supreme Court has recognized that "[a]lthough

---

[16] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[17] *Barnard v. Young*, 720 F.2d 1188, 1188–89 (10th Cir. 1983).

[18] *See id.* at 1189 (noting "the vast weight of authority that private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983").

[19] *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (collecting cases).

[20] *Ysais v. New Mexico*, 373 F. App'x 863, 866 (10th Cir. 2010). To the extent that Plaintiffs request declaratory relief their Complaint "cannot be read to request declaratory relief in the true legal sense. A declaratory judgment is meant to define the legal rights and obligations

unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer . . . shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"[21]

Judicial immunity is not "overcome by allegations of bad faith or malice" or corruption.[22] This immunity can be overcome only when a judge either (1) acts outside the judge's judicial capacity, or (2) takes judicial action in absence of all jurisdiction.[23] Acts outside a judge's judicial capacity are those not "normally performed by a judge" or those where a party does not believe the party is dealing with a judge in the judge's judicial capacity.[24]

Here, Judge Allen's actions barring Plaintiffs from representing Woods Hay & Cattle during a court hearing were squarely within her judicial capacity and there is no suggestion that she acted without jurisdiction. As such, it is recommended that Plaintiffs' claims against Juge Allen be dismissed.

C.    DOTSON AND WOODALL

Plaintiffs' claims against Dotson and Woodall are barred by the *Younger*[25] abstention doctrine. "The Supreme Court has established three factors to be relevant to our decision as to whether abstention is required under *Younger*."[26] The Court considers whether: "(1) there is an

---

of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Id*.

[21] *Mireles*, 502 U.S. at 10 (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).

[22] *Id*. at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[23] *Id*. at 11–12.

[24] *Id*. at 12.

[25] *Younger v. Harris*, 401 U.S. 37 (1971).

[26] *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006).

ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[27] "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[28]

The quiet title action remains ongoing, the state court provides an adequate forum to hear the claims raised by Plaintiffs, and the state proceedings involve important state interests.[29] Therefore, the conditions of *Younger* are met.

Even if Plaintiffs' claims were not barred by *Younger*, Dotson and Woodall are immune. "It is well established that prosecutors are absolutely immune from suit under [§] 1983 concerning activities 'intimately associated with the judicial . . . process,' such as initiating and pursuing criminal prosecutions," and "that this absolute prosecutorial immunity extends to state attorneys and agency officials who perform functions analogous to those of a prosecutor in

---

[27] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quotation marks and citation omitted).

[28] *Id.*

[29] "Matters relating to property law, land use, and zoning ordinances have frequently been held to be 'important' state interests justifying *Younger* abstention." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 167 (4th Cir. 2008); *see also Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997) (holding that the third prong of the *Younger* abstention doctrine was satisfied because no state interest is more important "than the enforcement of its method of registering good title to privately owned lands within the state"); *Lambeth v. Miller*, 363 F. App'x 565, 568 (10th Cir. 2010) (holding that "zoning and nuisance abatement issues are traditional state law matters that implicate important state interests, satisfying the third condition" of the *Younger* abstention doctrine).

initiating and pursuing civil and administrative enforcement proceedings."[30] Thus, "government actors enjoy absolute prosecutorial immunity for functions intimately associated with the civil proceedings those actors initiated."[31]

Here, Dotson and Woodall initiated a civil action on behalf of Iron County to quiet title and enjoin Woods' obstruction of the roadway and harassment of the public. Their actions in bringing this action and representing the County at the June 1, 2023 hearing fall squarely within those activities to which immunity applies.[32] Therefore, it is recommended that Plaintiffs' claims against Dotson and Woodall be dismissed.

## IV. CONCLUSION AND RECOMMENDATION

For these reasons, the undersigned recommends that this action be dismissed.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 19th day of August, 2025.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[30] *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31(1976)).

[31] *Rodgers v. Torrez*, No. 24-2046, 2025 WL 1904542, at *3 (10th Cir. July 10, 2025).

[32] *See id.* (finding that "preparing a court filing and initiating a civil proceeding to enforce state law" were protected by absolute immunity).