THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KEVIN MAX WOODS and MICHAEL HOWARD REED,<br><br>Plaintiffs,<br><br>v.<br><br>JUDGE ANN MARIE MCIFF ALLEN, CHAD E. DOTSON, SAM E. WOODALL, JUSTIN W. WAYMENT, and CHRISTIAN JONES,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 4:25-cv-00065-DN-PK<br><br>District Judge David Nuffer |

The Report and Recommendation[1] issued by United States Magistrate Judge Paul Kohler on August 19, 2025, recommends that Defendants' motions to dismiss[2] be granted and this action dismissed with prejudice.[3]

Plaintiffs filed an objection to the Report and Recommendation on August 28, 2025.[4] De novo review has been completed of those portions of the report, proposed findings and recommendations to which objection was made, including the record that was before the

---

[1] Docket no. 28, filed Aug. 19, 2025.

[2] Defendants Justin W. Wayment and Christian Jones' Motion and Memorandum in Support of His Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Private Attorney Defendants' Motion to Dismiss"), docket no. 11, filed June 25, 2025; Defendant Judge McIff Allen's Motion to Dismiss ("Judge Allen's Motion to Dismiss"), docket no. 13, filed June 26, 2025; County Defendants' Motion to Dismiss, docket no. 26, filed July 16, 2025.

[3] Report and Recommendation at 7.

[4] Response and Repeal of Motion to Dismiss from Defendants' Chad E. Dotson and Sam E. Woodall, and Notice of Failure to Respond of Ann Marie McIff Allen et/al and Justin Wayment et/al(7011) and Christian Jones (15873) ("Objection"), docket no. 30, filed Aug. 28, 2025.

Magistrate Judge and the reasoning set forth in the Report and Recommendation.[5] The analysis and conclusions of Judge Kohler in the Report and Recommendation are correct and are accepted. And the Report and Recommendation[6] is ADOPTED in its entirety.

# 1 DISCUSSION

Judge Kohler concluded in the Report and Recommendation that Defendants Justin W. Wayment and Christian Jones ("Private Attorney Defendants"), as private attorneys acting as counsel for a private party in the underlying state court case, are not state actors and cannot be subject to liability on Plaintiffs' claim under 42 U.S.C. § 1983.[7] Judge Kohler also concluded that Judge Allen is entitled to absolute judicial immunity on Plaintiffs' claims because her actions in presiding over the underlying state court case fall squarely within her judicial capacity and were not without jurisdiction.[8] And the Judge Kohler concluded that Plaintiffs' claims against Defendants Chad E. Dotson and Sam E. Woodall ("County Defendants") are barred by the *Younger*[9] abstention doctrine and, regardless, the County Defendants are entitled to absolute prosecutorial immunity for their actions in the underlying state court case.[10]

Plaintiffs' Objection raises several arguments based flawed legal analysis and inapplicable legal theories in attempt to avoid dismissal.[11] The Objection does not address the Report and Recommendation's basis for dismissing Plaintiffs' claims against the Private Attorney Defendants. Nor does the Objection address the Report and Recommendation's

---

[5] 28 U.S.C. § 636(b).

[6] Docket no. 28, filed Aug. 19, 2025.

[7] Report and Recommendation at 4.

[8] *Id*. at 4-5.

[9] *Younger v Harris*, 401 U.S. 37 (1971).

[10] Report and Recommendation at 5-7.

[11] Objection at 5-9.

application of the *Younger* abstention doctrine to bar Plaintiffs' claims against the County Defendants. Plaintiffs' failure to object to these portions of the Report and Recommendation constitutes a waiver of objection. Regardless, the analysis and conclusions of Judge Kohler regarding these issues are correct. And these portions of the Report and Recommendation are ADOPTED.

Plaintiffs' Objection does challenge the Report and Recommendation's conclusions that Judge Allen and the County Defendants are entitled to absolute immunity from Plaintiffs' claims.[12] But Plaintiffs' arguments either rely on irrelevant and inapplicable legal theories and authorities, or are vague and conclusory. The alleged conduct of Judge Allen and the County Defendants in the underlying state court case, which form the sole basis for Plaintiffs' claims against them, clearly and unquestionably fall within the scope of conduct for which Judge Allen and the County Defendants are entitled to absolute judicial and prosecutorial immunity. The analysis and conclusions of Judge Kohler in the Report and Recommendation regarding these issues are correct.[13] Therefore, these portions of the Report and Recommendation are ADOPTED.

Finally, Plaintiffs' Objection argues that the Report and Recommendation should be rejected because Plaintiffs were not properly served with Defendants' motions to dismiss.[14] Plaintiffs' argument is directly contradicted by the Certificates of Service attached to the Private Attorney Defendants and the County Defendants' motions.[15] And Plaintiffs fail to present

---

[12] *Id*. at 6-9.

[13] Report and Recommendation at 4-7.

[14] Objection at 6, 9.

[15] Private Attorney Defendants' Motion to Dismiss at 24; County Defendants' Motion to Dismiss at 8-9.

sufficient facts, evidence, or argument to overcome the representations in the Certificates of Service that Plaintiffs were properly served with these motions.

Plaintiffs do correctly note that Judge Allen's motion is not accompanied by a certificate of service. But despite this apparent deficiency in certification of the motion's service, Plaintiffs' Objection addresses the substance of Judge Allen's motion,[16] and Plaintiffs do not assert that additional time was needed to adequately respond to the motion's substance. Plaintiffs' arguments against the application of absolute judicial immunity to Judge Allen's alleged conduct are irrelevant, inapplicable, and legally erroneous. And a review of Plaintiffs' allegations against Judge Allen plainly demonstrates that Plaintiffs' claims against Judge Allen are frivolous. Therefore, whether Plaintiffs were actually served with Judge Allen's motion is a moot point. Plaintiffs could not have filed a response capable of avoiding dismissal of their claims against Judge Allen on the grounds of absolute judicial immunity.

Therefore, Plaintiffs' Objection is OVERRULED. The analysis and conclusions of Judge Kohler in the Report and Recommendation are correct and are accepted. And the Report and Recommendation is ADOPTED in its entirety.

---

[16] Objection at 6-9.

**ORDER**

IT IS HEREBY ORDERED that the Report and Recommendation[17] is ADOPTED and this case is DISMISSED with prejudice.

The Clerk is directed to close the case.

Signed September 11, 2025.

BY THE COURT

David Nuffer
United States District Judge

---

[17] Docket no. 28, filed Aug. 19, 2025.